```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BUSTER J. HENDERSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07693 (JBS-AMD) |
| GUARDS OF THE CAMDEN COUNTY CORRECTIONAL FACILITY, | OPINION |
| Defendants. | |

APPEARANCES

Buster J. Henderson, Plaintiff Pro Se
1119 Kaighn Avenue
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1.   Plaintiff Buster J. Henderson seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Guards of the Camden County Correctional Facility ("the Guards") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1. For the reasons set forth below, the Court concludes that the Complaint will be dismissed without prejudice in part and permitted to proceed in part.

2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will: (a) dismiss the Complaint without prejudice for failure to state a claim as to contentions of allegedly unconstitutional conditions of confinement, 28 U.S.C. § 1915(e)(2)(b)(ii); and (b) allow the Complaint to proceed as to allegations of excessive force, U.S. Const. amend. XIV.

## ALLEGATIONS OF UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT FROM PRISON OVERCROWDING

4.   As to allegations of prison overcrowding, the present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

5.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000));

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "It was six persons in one cell. [I] slep[t] by the toilet." Complaint § III(C).

7. Plaintiff states that these events occurred: "Last year 2015." *Id.* § III(B).

---

*Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8. Plaintiff claims to have suffered injuries of "just some headaches" from these events. *Id*. § IV.

9. Plaintiff seeks $5,000 in relief. *Id*. § V.

10. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

11. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations

4

and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

    12. Furthermore, construing the Complaint to allege claims of prison overcrowding at the Camden County Correctional Facility in connection with Plaintiff "sleep[ing] on the floor" (Complaint § III(C)), any such facility overcrowding claims against the Guards must also be dismissed without prejudice because the Complaint does "[not] allege[] any personal involvement by [the Guards] in any constitutional violation [with respect to overcrowding] – a fatal flaw . . . in a § 1983 suit." *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the individual defendants]." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556

5

U.S. 662, 676 (2009)). For these additional reasons, Plaintiff's claims against the Guards as to prison facility overcrowding must be dismissed without prejudice.

13. As to his claims of allegedly unconstitutional conditions of confinement, Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[2]

14. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

15. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

---

[2] The amended complaint shall be subject to screening prior to service.

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

### ALLEGATIONS OF USE OF EXCESSIVE FORCE

16. The Court will allow the Complaint to proceed as to allegations against the Guards of excessive force. U.S. Const. amend. XIV.

17. Although not specified in the Complaint, this Court construes Plaintiff's contentions regarding being "kicked in the head" (Complaint § III(C)) as claims that Plaintiff suffered physical abuse amounting to a violation of his constitutional rights. The only specific conduct of which Plaintiff complains is that the Guards "kick[ed] me in the head to wake me" (*id.*), but the circumstances surrounding the incident are left to speculation.

18. "Claims of excessive force at the time an individual is a pretrial detainee are evaluated based on the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015) (noting '[w]e have said that "the

7

Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment"' (quoting *Graham v. Connor*, 490 U.S. 388, 395 n. 10 (1989))." *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 394 (D.N.J. 2016). *Accord Sylvester v. City of Newark,* 120 F. App'x 419, 423 (3d Cir. 2005) (analyzing pretrial detainee's claim under the Fourteenth Amendment because prior to a formal adjudication of guilt, the state "has not acquired the power to punish with which the Eighth Amendment is concerned").

19. In *Bell v. Wolfish,* 441 U.S. 520, 535 (1979), the Supreme Court set forth the standard to be applied in analyzing whether a detainee has been deprived of liberty without due process of law: whether "those conditions amount to punishment of the detainee." *Id.* As part of this analysis, a court must "decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* "By way of example, it is accepted that retribution and deterrence do not amount to legitimate non-punitive governmental objectives." *Adegbuji v. Abode*, No. A03-cv-4537(JLL), 2005 WL 3536073, at *6 (D.N.J. Dec. 22, 2005) (citing *Bell*, 441 U.S. at 539 n. 20, 561-62).

20. To establish a claim for use of excessive force in violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must show that the force used was applied

8

"maliciously and sadistically to cause harm" and not "in a good-faith effort to maintain or restore discipline." *Baez v. Lancaster County,* 487 F. App'x 30, 32 (3d Cir. 2012) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)). A court must examine, subjectively, "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). In making this inquiry whether force was used in "good faith" or "maliciously and sadistically," courts have highlighted several factors to consider, including: "(1) the need for the application of the force;" (2) "the relationship between the need and the amount of force that was used;" (3) "the extent of the injury inflicted;" (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them;" and (5) "any efforts made to temper the severity of a forceful response." *Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir. 2000). "Not all use of force is 'excessive' and will rise to the level of a constitutional violation." *Adegbuji*, 2005 WL 3536073, at *6. *See, e.g.*, *Townsend v. Frame*, 587 F. Supp. 369 (E.D. Pa. 1984) (complaint alleging that prison guard struck inmate in the face was insufficient to state federal civil rights cause of action). "[I]t is well-established that isolated torts do not become

9

constitutional violations solely because the complaining party is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

21. Here, Plaintiff's contentions as to being "kick[ed] in the head to wake me" (Complaint § III(C)) are sufficient to allege a claim for unconstitutional use of excessive force, as they suggest force used without "good faith," employed without need to "maintain discipline," and inflicted to "cause harm." *Baez*, 487 F. App'x at 32.

22. Accordingly, Plaintiff's claims of constitutional violations in connection with allegations of use of excessive force may proceed.

## CONCLUSION

23. For the reasons stated above, Plaintiff's Complaint is dismissed in part and shall proceed in part. The Complaint: (a) is dismissed without prejudice as to claims of allegedly unconstitutional conditions of confinement; and (b) shall proceed as to claims of excessive force.

24. An appropriate order follows.


**March 10, 2017**               **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge